Gallagher *v.* Butler City Employees Pension Board.

Argued October 21, 1971, before President Judge BOWMAN and Judges CRUMLISH, JR., KRAMER, WILKINSON, JR., MANDERINO, MENCER and ROGERS. Judge MANDERINO did not participate in the decision.

*Richard L. McCandless*, with him *Coulter, Gilchrist, Dillon & McCandless*, for appellant.

*Martin J. O'Brien*, for appellee.

OPINION BY JUDGE MENCER, January 6, 1972:

This appeal raises the single question of whether or not the record contains the required proof of disability to entitle Edward A. Gallagher, appellant, to receive compensation under the terms and provisions of the Act of May 23, 1945, P. L. 903, as amended, 53 P.S. §39371 et seq.

Appellant was employed by the City of Butler, a third class city, as a chief mechanic for a period in excess of 19 years and was under the age of 55 years on February 9, 1970, the date he last worked for the City of Butler and the date he entered the Deshon Veterans

Hospital at Butler, Pennsylvania, with a back injury. Appellant was discharged from the hospital on May 1, 1970 and placed on a posthospital care program. He applied to the Butler City Employees Pension Board (Board) for a disability pension under the Act of May 23, 1945, P. L. 903, §4, as amended, 53 P.S. §39374, which had been totally adopted by the City of Butler under Ordinance No. 685 on December 8, 1948.

The Board appointed three practicing physicians to examine appellant and, after all submitted their reports, the Board denied the disability pension request. Appellant appealed to the Court of Common Pleas of Butler County pursuant to the Local Agency Law, Act of December 2, 1968, P. L.      , No. 353, 53 P.S. §11301 et seq. A de novo hearing was held following which the Court dismissed the appeal because there was insufficient evidence to establish proof that appellant was in a condition of health which would permanently disable him from performing the duties of his position. We have carefully reviewed the record and agree with the conclusion reached by the court below and therefore we affirm its dismissal of the appeal from the decision of the Board.

The part of the statute as found in 53 P.S. §39374 which has application here reads as follows: "Should an officer or employe, however, become so permanently disabled as to render him unable to perform the duties of his position or office after fifteen (15) years of service, and before attaining the age of fifty-five (55) years, he shall be entitled to full compensation during such disability. Proof of such disability shall consist of the sworn statement of three (3) practicing physicians, designated by the board, that the employe is in a condition of health which would permanently disable him from performing the duties of his position or office. Such person shall thereafter be subject to physical examination at any reasonable time or times, upon

order of the board, and upon his refusal to submit to any such examination, his compensation shall cease."

The statute provides for compensation conditioned upon the required proof, consisting of the sworn statements of three practicing physicians, that the employee is in a condition of health which would permanently disable him from performing the duties of his position. What did the physicians report or state?

Dr. Mario Ludmer: "I'm sure you realize that Mr. Gallagher has been unable to work because of his disability." The doctor here is using words of past tense. The words, "has been," relate to what has transpired or happened. This statement of the doctor does not give any insight as to the future or the permanent nature of the disability. Dr. Ludmer's opinion concerning this aspect of appellant's disability was in his initial report expressed in this way: "The meaning of the above is as follows: This man has a history and physical findings consistent with a herniated lumbar intervertebral disc. This, as yet, has not been diagnosed inasmuch as the patient has not had a lumbar myelogram performed. This test is a must inasmuch as in cases in which this study is positive, when all measures of treatment fail, such as those the patient already had, surgery should be undertaken. At the present time I would say, in my opinion, Mr. Gallagher has a herniated lumbar intervertebral disc which, as yet, has not been proven by myelography, and consequently has not been adequately treated." This suggests that appellant's condition could be helped or corrected and that at the time of the report the diagnosis of the patient was not yet considered by Dr. Ludmer to be such that appellant was permanently disabled as that term is used in the statute.

After the initial reports were received from all three physicians, a job description relative to appellant's po-

sition was prepared which concluded with the specific question, "Was Edward A. Gallagher, as of the time of your physical examination of him, so permanently disabled as to render him unable to perform the above duties? Yes . . . , No . . . , Additional Remarks . . . ." This job description and question was sent to each physician who had examined appellant and was accompanied by a letter which specifically reminded the physician that the purpose of the examination was "to determine if he was disabled from his position with the City of Butler." Specifically, the physicians were requested to "answer the enclosed question after reading in detail the brief job description."

Dr. Ludmer answered the question "yes" but, by way of additional remarks, he explained, "As stated in my report of November 17, 1970, this disability should not be regarded as permanent until such time that an accurate diagnosis and treatment has been carried out." Although Dr. Ludmer's placing an "X" after the answer, "Yes," to the question suggests a reply or opinion contrary to that contained in his initial report of November 17, 1970, his additional remarks clearly reaffirm his stated opinion that "this disability should not be regarded as permanent until such time that an accurate diagnosis and treatment has been carried out." We believe that Dr. Ludmer's response to the questionnaire is not in conflict with his initial report and further confirms his opinion to be that appellant was not permanently disabled and should not have been regarded so at the time of his initial report or his response to the questionnaire. Our careful evaluation of Dr. Ludmer's statements convinces us that he did not supply the proof required by the statute in question to qualify appellant for compensation.

Dr. Ralph Markley: "I do feel that he has some low back pain, but again I do not feel that he is entirely

disabled. It seems to me that he may have a chronic sprain of the lower back which I believe will probably improve as time goes on. It may be that he can't do any heavy lifting, but I am sure that he could do some light work." The doctor's statement that "I do not feel that he is entirely disabled" seems to indicate a conclusion that is something other than a conclusion that appellant is permanently disabled under the provisions of the relevant statute.

In response to the questionnaire, Dr. Markley did not answer either "yes" or "no" the specific question asked but in the space provided for additional remarks he wrote, "As stated in the letter, I don't think he can do heavy lifting; and if his job calls for it, he can't do it." This is the same point that Dr. Markley made in his initial report. However, in neither instance does he express an opinion that appellant was permanently disabled as that term is used in the statute. Quite to the contrary, since in his first report he stated that "I do not feel that he is entirely disabled" and in response to the specific inquiry made to him he refused to answer the question as to permanent disability and repeated a portion of his initial report. Considering Dr. Markley's statements in toto satisfies us that he likewise failed to supply the proof of that degree of disability that the statute requires as a prerequisite to receiving compensation for disability.

Dr. G. Malcolm Cottington: "It would be my feeling that if this man did not improve, he should either have a myelogram or an electromyographic study to rule out the possibility of a herniated disc at L 4-5. I would feel that he is at this time disabled." The doctor expressed his opinion that "at this time" appellant was disabled but he did not state his opinion that appellant will be disabled in the future or that he will be permanently disabled as that term is utilized in the

statute. His report would seem to support the concept that appellant should have further tests and examinations as an aid to a diagnosis of appellant's condition and his prospects for the future.

Dr. Cottington replied to the questionnaire by checking "yes" to the specific question and then added, "See letter of 11/16/70." Even if we consider the positive answer to the question sufficient, we are faced with the realization that this constitutes only one of the three required physicians' statements as to appellant's condition being one of permanent disability in terms of the performance of his duties.

We believe that a careful and fair evaluation of the medical evidence and the reports of the three physicians in this case does not provide the proof needed to establish that appellant was in a condition of health which would permanently disable him from performing the duties of his position. The lower court reached the same conclusion after its examination of the record before it and we think properly so.

Order of the Court of Common Pleas of Butler County is affirmed.